UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-07-70-B-W |
| | ) | |
| TAMMY LEVESQUE | ) | |

**PRELIMINARY ORDER ON DEFENDANT'S MOTION FOR TRAVEL AUTHORIZATION**

Pursuant to 18 U.S.C. § 4285, the Court preliminarily grants the Defendant's motion for prior payment of travel expenses for a one-way trip from Madawaska, Maine to Bangor, Maine to attend a resentencing hearing currently scheduled for September 23, 2009, and preliminarily ORDERS the United States marshal to remit prior payment to the Defendant of the appropriate mileage from Madawaska to Bangor at the appropriate mileage rate.[1]

The resentencing here is unusual. Ms. Levesque pleaded guilty to being part of a conspiracy that brought large amounts of marijuana from Canada into the United States, and she has already served her period of incarceration. The sole issue at the resentencing will be the

---

[1] Ms. Levesque says that to travel from Madawaska to Bangor is 205 miles and she requests reimbursement at a rate of $.55 per mile, which would total $112.75. The Government did not object specifically to the amounts requested. The Court does not discredit Ms. Levesque's assertions, but does not know whether they are correct. It is leery of issuing an order for a specific amount, since it may prove inaccurate. If clarification is needed, the parties are free to seek it, but should submit some documentation. The Court notes that in *United States v. Forest*, the Defendant requested gas money only. 597 F. Supp. 2d 163, 164. Here, Ms. Levesque is requesting not only gas money, but an amount that includes depreciation on an automobile. There is not enough information before the Court for it to determine whether she should be entitled to reimbursement for the requested amount of "the fare." 18 U.S.C. § 4285.
    The statute requires the United States marshal to "arrange for that person's means of noncustodial transportation or to furnish the fare for such transportation." 18 U.S.C. § 4285. The statute gives the United States marshal the option to fulfill its statutory obligation in more than one way. If the parties are able to arrive at a satisfactory alternative to prior payment, this Order does not prevent them from doing so.
    Ms. Levesque has requested reimbursement for an undocumented amount of money for parking. There is no evidence as to the cost of parking and the Court is not convinced that Ms. Levesque is so indigent that she could not pay the relatively minor charges for parking near the courthouse. Alternatively, there is parking within walking distance of the courthouse for which there is no charge. The Court preliminarily denies the request for prior reimbursement for parking.

amount, if any, the Court should order forfeited. By her own account, she grossed $72,000 from her participation in the conspiracy and she claimed she netted $32,284 in ill-gotten gains by repeatedly violating federal drug law. She now demands that the people of this Country reimburse her to attend a hearing to determine the amount she should forfeit under federal law for participating in this conspiracy. Although not a factor under the statute, the irony is palpable.

The Court is reluctant to issue a final order based on a number of factors. First, as the Court concluded in *United States v. Forest*, the standard for entitlement of prior reimbursement is an "especially heavy burden." 597 F. Supp. 2d 163, 165 (D. Me. 2009). Ms. Levesque must demonstrate that she "is financially unable to provide the necessary transportation to appear before the required court on [her] own." 18 U.S.C. § 4285. "Financially unable" is not the same standard for determining indigency for appointment of counsel. *Forest*, 597 F. Supp. 2d at 165. "A person might not be able to pay for her own lawyer, but at the same time, be fully capable of finding gas money to appear at court." *Id.*

Second, the Court has reservations about the sufficiency of the financial information the Defendant submitted. In *Forest*, for example, when the Defendant revealed her monthly expenses, it turned out that she was paying $60 per month for cable television. *Id.* at 166. Here, Ms. Levesque has not provided any detail about her monthly expenses.

Finally, the Court is concerned that Ms. Levesque strategically framed this request to support her argument of impecunity at resentencing. The First Circuit remanded this case for resentencing in part on whether the imposition of a substantial forfeiture would deprive Ms. Levesque of her livelihood. *United States v. Levesque*, 546 F.3d 78 (1st Cir. 2008). To be clear, the Court does not view this Order as an imprimatur on the Defendant's contentions about her current level of indigency. As noted, the standards under 18 U.S.C. § 4285, as explained in

*Forest*, and under 21 U.S.C. § 853, as illuminated in *Levesque*, are different. The Court's action on remand will depend upon the evidence presented at the sentencing hearing, not on this Order.

Despite the Court's concerns, it preliminarily grants the motion because there is sufficient unrebutted information in the record to meet the requirements and the policy concerns of the statute. By filing this motion, the Defendant places the Court in an awkward position. If she is truly unable to come up with enough money to attend the resentencing, to deny the motion would be to thwart the purpose of the statutory authorization. At the same time, it is also possible the Court's finding of impecunity would be in error based on a scant record. At this point, the Court determines the better course is to order payment, but to put the Defendant to her final proof at the resentencing. If she fails to proffer evidence that meets the statutory requirements of 18 U.S.C. § 4285, the Court may require Ms. Levesque to repay the United States marshal the money it has extended her pursuant to this preliminary order. If she presents such evidence, the preliminary order will harden into a final one.

The Court preliminarily GRANTS in part and DENIES in part the Defendant's Motion to Request Travel Authorization (Docket # 65).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2009